<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL BORDO, | : | |
| | : | Civil Action No. 13-4421 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SPECIAL TREATMENT UNIT, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

MICHAEL BORDO, Plaintiff <u>pro se</u>
# 2
Special Treatment Unit, Annex
P.O. Box 905
Avenel, New Jersey 07001-0905

**WIGENTON**, District Judge

Plaintiff, Michael Bordo, an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, *et seq*., seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and direct the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a

defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed at this time.

## I. BACKGROUND

Plaintiff, Michael Bordo ("Plaintiff"), brings this civil action for declaratory relief under Federal Rule of Civil Procedure 57, challenging the validity of his detention under the SVPA. Plaintiff alleges that, on June 3, 2009, a state court judge conditionally released Plaintiff from the Special Treatment Unit ("STU"), where Plaintiff had been civilly committed, upon a finding that Plaintiff:  "(1) was not suffering from a mental abnormality; and (2) was not likely to commit a sexually violent offense in the future if he was to be released."  (ECF No. 1, Complaint at ¶ 4.)

As part of the conditions of his release, Plaintiff had to attend an outpatient sex offender treatment program, namely, After-Care.  Plaintiff alleges that he complied with this requirement and continued to obey the law on his release.  However, on August 3, 2009, Plaintiff was returned to the STU by the Parole Response Team "for having been in contact with law enforcement."  (Id., ¶¶ 5, 6.)  Plaintiff contends that he had not violated any conditions of his release and he did not violate any laws.  (Id., ¶7.)

Plaintiff also alleges that the state commitment court has adjourned his hearing for release from STU custody "until a distant date."  (Id., ¶ 8.)  Plaintiff does not provide the date of his next custody review hearing.  He further alleges that he has no knowledge as to why he was returned to custody.  However, Plaintiff surmises that his detention may be based on a sexual relationship he had with a female staff member at the STU after he had been released from custody and before he was returned to the STU.  Plaintiff also relates that the female staff person is no longer employed at the STU, possibly due to this incident.  (Id., ¶9, fn 3.)

On April 21, 2013, Plaintiff submitted a STU Request System & Remedy form seeking his release from STU for continued outpatient treatment in After-Care.  The next day, on April 22, 2013, Plaintiff received a response to his administrative remedy form.  Specifically, the Unit Director, Tina Spagnuola, stated that "It is our understanding that your behavior in the community was an indicator of increased risk.  It is our opinion that such risk has not been sufficiently mitigated."  (*Id*., ¶ 11.)

On May 17, 2013, Plaintiff filed an administrative appeal from this decision.  On May 21, 2013, Defendant Dr. Merril Main, Clinical Director at the STU, responded to Plaintiff's administrative appeal, stating that:  "It remains that all information was heard by Court and that [Mr. Bordo's argument is] a legal matter."  (*Id*., ¶ 15.)

On or about July 22, 2013, Plaintiff filed this civil Complaint seeking a declaratory judgment that he is being unlawfully detained at the STU by Defendant, Dr. Main.  Plaintiff ultimately seeks his release from civil commitment.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must review complaints in those civil actions in which the litigant is proceeding *in forma pauperis*.  Specifically, this statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id*.  Accordingly, because Plaintiff is proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule

3

12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, --- F. App'x ---, 2013 WL 2350169, *2 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)).   According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).   Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement."  *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff appears to challenge the validity of his detention under the SVPA.   He admits that his re-commitment hearing has been adjourned.  He also admits that he filed administrative remedies regarding his detention, but did not appeal the administrative decision to the state courts for review.  Instead, through this declaratory action, Plaintiff is attempting to make an end run around state court review by asking the federal court to rule on the validity of his civil commitment.

This Court first observes that, to the extent a final judgment of commitment is still pending before the state courts, as it appears to be alleged by Plaintiff here, it is inappropriate for

this Court to consider issues that necessarily encroach on matters under state court deliberation. In other words, a federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  *See Younger v. Harris*, 401 U.S. 37 (1971).

However, where a state court judgment of commitment has been entered against Plaintiff, federal courts are without jurisdiction to undertake a review of the state court decision, pursuant to the *Rooker–Feldman* doctrine.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *See also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker–Feldman* doctrine bars a District Court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Bonham v. Givens*, 197 F. App'x 148, 150 (3d Cir. 2006) (finding that *Rooker–Feldman* doctrine deprived District Court of jurisdiction to entertain plaintiff's § 1983 claims where plaintiff sought remedies that would prevent enforcement of state court order continuing plaintiff's involuntary commitment in state hospital);  *Oliver v. Dow*, Civ. No. 10-1542 (DMC-JAD), 2011 WL 601556, *10 (D.N.J. Feb. 17, 2011); *Nelson v. Hughes*, No. 07–5766 (JLL), 2008 WL 5046767,  *2 (D.N.J. Nov.20, 2008) (noting that where "Plaintiff asks [the District] Court to effectively nullify a decision reached in state court, the *Rooker–Feldman* doctrine presents a complete bar to [the District] Court's jurisdiction over the matter.").

Nevertheless, Plaintiff is entitled to challenge the validity of his state court judgment of commitment based on allegations of constitutional violation pursuant to 28 U.S.C. § 2254. Indeed, to the extent a final judgment of re-commitment was entered against Plaintiff, and Plaintiff seeks to challenge that detention, such claim necessarily implicates the validity of his

civil re-commitment and the only avenue to challenge the validity of his re-commitment is via a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Moreover, Plaintiff may challenge the validity of his detention pursuant to a final judgment of commitment via a federal § 2254 habeas petition only after he has exhausted his state court remedies under that statute.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500  (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Oliver v. Dow*, 2011 WL 601556, at 11).

In his Complaint for declaratory relief, Plaintiff does not challenge his detention on the grounds that he is not receiving due process or appropriate treatment as provided under the SVPA.  Rather, he is simply contesting the validity of his re-commitment, which Plaintiff concedes is still under state court review at the time he filed this action.  Thus, this action is distinguishable from other civil rights actions that have alleged due process violations where the conditions and duration of confinement bear no reasonable relation to the purpose for which persons are committed.  *See, for instance, Seling v. Young*, 531 U.S. 250, 265  (2001); *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982) (holding that a civilly committed person has a protected liberty interest in "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions and such training as may be required by these interests [because] such conditions of confinement would comport fully with the purpose of respondent's commitment," and that the available remedy for such violation was damages and not release); *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002) (where state statute predicates the term of prisoner's criminal sentence on his response to treatment for sexual aberration, prisoner has a liberty

interest in treatment that may only be raised under § 1983); *R.W. v. Goodwin*, Civ. No. 08-4841 (PGS), 2009 WL 1405514, *5 (D.N.J. May 19, 2009).

Accordingly, where Plaintiff is simply challenging the validity of his detention under the SVPA, the Complaint will be dismissed without prejudice because Plaintiff has failed to state a claim for declaratory relief at this time. Further, because Plaintiff's challenge to the validity of his re-commitment is more properly raised in a habeas petition, and it appears from the allegations of the Complaint that Plaintiff has not fully exhausted his state court remedies, this action must be dismissed without prejudice at this time.

## IV. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, against all named Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim for declaratory relief at this time. Moreover, the Complaint for declaratory relief must be dismissed without prejudice because Plaintiff challenges only the validity of his commitment, and such a claim must be raised via habeas petition after fully exhausting his state court remedies as required under 28 U.S.C. § 2254. An appropriate order follows.

 *s/ Susan D. Wigenton*
SUSAN D. WIGENTON
United States District Judge

Dated: February 27, 2014